# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

---

CHRISTOPHER DIONNE,

    Plaintiff,

v.                                                           Case No. 2:24-cv-2364-MSN-cgc
                                                           JURY DEMAND

CARLOS DEL TORO,
Secretary of the Navy,

    Defendant.

---

## ORDER OVERRULING OBJECTIONS,
## ADOPTING REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS, AND
## DISMISSING PLAINTIFF'S COMPLAINT

---

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 16, "Report") entered December 4, 2024. The Report recommends that Defendant's Motion to Dismiss be granted and Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction; alternatively, the Report recommends that Plaintiff's Complaint be dismissed as barred by *res judicata* because Plaintiff has filed three prior lawsuits asserting various claims arising from the same series of events on which the claims in this matter are based. (*Id.* at PageID 81.) On December 6, 2024, Plaintiff filed a "Response to Defendant's Recommended Motion to Dismiss" (ECF No. 17), which this Court construes as objections to the Report. On December 18, 2024, Defendant filed a reply to Plaintiff's objections. (ECF No. 18.)

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

In his objections, Plaintiff argues he "never had access to classified material while employed at the Navy Recruiting Command," and that Defendant has misled the Court about the nature of this case. (ECF No. 17 at PageID 82.) Plaintiff asserts that this case does "not involve security and or access to classified material in any way and/or at any time." (*Id.* at PageID 85.) Plaintiff states he now has "no objection to a warrantless search for PII in his notebooks," but he "opposes any search for material not particularized in the probable cause." (*Id.* at PageID 87.)

First, Plaintiff's assertion that Defendant misled the Court about the nature of this case is without merit. The record in this matter, and the records in Plaintiff's prior cases in this district, are replete with references—including Plaintiff's own statements—suggesting that Plaintiff had access to classified material, and that his access to classified material was suspended pending the Department of Defense Consolidated Adjudications Facility's (DoDCAF) adjudication of his security clearance.[1]

---

[1] (*See, e.g.*, ECF No. 1 at PageID 12 ("If I retired, I would have lost my security clearance, my job and retired in disgrace."; "I opine that Patricia Hickman convinced Rear Admiral Brandon McLane to sign my suspension access while you were TDY. The suspension of access in JPAS automatically triggered an indefinite suspension."; "One of your arguments for placing me into an indefinite suspension status without pay was that I had to maintain a Secret Security Clearance. However, my security clearance was pending adjudication so I still had a security clearance."; "There was nothing to prevent me from staying in place without access to classified material until my security adjudication."; " . . . you used a falsified Security Incident Report to suspend my access to classified material and place me into an indefinite suspension status without pay."); *id.* at PageID 13 (". . . the evidence used against me to suspend my access to classified material and place me into an Indefinite Suspension without pay."); *id.* at PageID 16 ("My position requires a secret clearance."; "Although my access to classified material had been suspended pending a DCSA adjudication, I still had my security clearance."; "I only have a right to access to classified

3

Second, and more importantly, as the Report notes, this matter is not the first case Plaintiff has filed against Defendant arising out of his suspension without pay. (*See* ECF No. 16 at PageID 76; *see also* Case No. 2:23-cv-2531-JTF-cgc; Case No. 2:24-cv-2027-MSN-cgc; Case No. 2:24-cv-2222-MSN-cgc.) These lawsuits, against the same Defendant and based on the same underlying events, are ultimately dispositive here because of res judicata, which "bars further claims by parties or their privies based on the same cause of action" after a final judgment on the merits has been entered. *Autumn Wind Lending, LLC v. Est. of Siegel by & through Cecelia Fin. Mgmt.*, LLC, 92 F.4th 630, 634 (6th Cir. 2024); *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981) ("The fundamental function of the doctrine of res judicata is to prevent the parties and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and *from litigating piecemeal the same controversy*." (emphasis added)).

Res judicata applies when the following elements are met:

1. A final decision on the merits in the first action by a court of competent jurisdiction; 2. The second action involves the same parties, or their privies, as the

---

information as a function of the needs stipulated by the Navy Recruiting command."); *id.* at PageID 19 ("My job requires me to maintain a secret clearance."); *id.* at PageID 21 ("Did your position require you to have access to classified information or sensitive national security information system? . . . "Yes. The decision IRT to my access eligibility was pending a DoDCAF Security Adjudication."); ECF No. 18-1 at PageID 94 (I Christopher E. Dionne . . . acknowledge that I have received the Statement of Reasons (SOR) notifying me of the Commander, Navy Recruiting Command's decision to suspend my access to classified information and sensitive national security information systems."); *id.* at PageID 93 ("your access to classified information and sensitive national security information systems have been suspended . . . ," and "my decision to suspend your access to classified information and sensitive national security information systems has been made . . . "); *id.* at PageID 95 ("as an Operations Research Analyst you hold a position that is designated as Non-Critical Sensitive that requires you to maintain eligibility for a security clearance and access to classified and sensitive national security information."); *id.* at PageID 97 ("After careful consideration of . . . I find the basis for the indefinite suspension based on suspension of your access to classified information to be fully supported."); Case No. 2:23-cv-2531-JTF-cgc, ECF No. 1 at PageID 2 ("Navy Recruiting Command (NRC) suspended my access to classified material.").

first; 3. The second action raises an issue actually litigated or which should have been litigated in the first action; 4. An identity of the causes of action.

*Id.* (citation omitted).

Relevant here, "the third element . . . asks whether the two causes of action arise from the same transaction, or series of transactions, and if so then the plaintiff should have litigated both causes in the first action and may not litigate the second issue later." *Musleh v. Am. Steamship Co.*, 326 F. Supp. 3d 507, 515 (E.D. Mich. 2018), aff'd, 766 F. App'x 214 (6th Cir. 2019) (cleaned up); *Kennedy v. Benson*, No. 24-12375, 2024 WL 4231578, at *2 (E.D. Mich. Sept. 18, 2024) ("Res Judicata also applies to instances where a plaintiff fails to raise a claim in prior litigation against the same defendant, arising out of the same set of facts.").

First, a final decision on the merits has been entered in the first case Plaintiff filed in this district.[2]  *See* Case No. 2:23-cv-2531-JTF-cgc, ECF Nos. 33, 38, & 39.  Second, this action involves the same parties as that first case. *See id.*  Finally, even though Plaintiff doesn't mention his access to classified information or his security clearance in the Complaint in this matter, Plaintiff's claims here arise from the same events underlying the claims in his previous cases in this district.  The issues raised in this matter were previously litigated or should have been litigated in the first matter, and they arise out of the same set of facts.  *See id.*  In other words, "Plaintiff advanced two separate theories in two separate suits . . . for one common set of facts.  This is the exact situation which the doctrine of res judicata, by compelling litigants to bring all related claims

---

[2] It does not matter that, at the time Plaintiff filed his Complaint in this matter, a final judgment had not been entered in the first matter Plaintiff filed in this district.  When multiple actions are "pending at the same time, res judicata attaches to the first judgment regardless of the sequence in which the actions were commenced." 18 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc., § 4404 Sequence of Actions and Judgments (3d ed. June 2024 update).

in one suit, seeks to avoid." *Wilkins v. Jakeway*, 183 F.3d 528, 532 n.4 (6th Cir. 1999). Res judicata bars Plaintiff's claims.

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation on Defendant's Motion to Dismiss (ECF No. 16), and Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's claims are **DISMISSED** because the Court lacks subject matter jurisdiction, and the claims are barred by res judicata.

**IT IS SO ORDERED**, this 10th day of February, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE